1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. TARLOCHAN SINGH DDS INC., et al., | Case No. 1:22-cv-01087-ADA-SAB |
| Plaintiffs, | ORDER DIRECTING THE CLERK OF THE COURT TO TERMINATE DELL COMPUTERS AS A PARTY IN THIS ACTION |
| v. | |
| DELL COMPUTERS, et al., | ORDER WITHDRAWING PENDING MOTIONS TO DISMISS AND TRANSFER AS MOOT GIVEN DISMISSAL OF MOVING PARTY AND VACATING JANUARY 18, 2023, HEARING |
| Defendants. | |
| | (ECF No. 35) |

This action was removed from the Merced Superior Court to this Court on August 25, 2022.  (ECF No. 1.)  On November 16, 2022, the Court held a hearing on Defendant Dell Computers' motion to transfer venue, and motion to dismiss.  (ECF Nos. 10, 11, 23.)  The Court continued the hearing on the pending motions until January 18, 2023, to allow for Plaintiffs to serve any additionally named Defendants, and to allow for those Defendants to address the pending motion to transfer.  (ECF No. 24.)  On December 6, 2022, the parties, including newly-served Defendant Sentinel Insurance Company, Ltd. ("Sentinel"),  filed a stipulation agreeing to allow Plaintiff leave to file a first amended complaint.  (ECF No. 28.)  The Court granted the stipulated motion, and on December 12, 2022, Plaintiff filed a first amended complaint.  (ECF No. 30.)  On January 5, 2023, the parties again filed a stipulated motion agreeing to allow

1 Plaintiff to file an amended complaint, and extending the deadline to file any responsive
2 pleadings.  (ECF No. 32.)  The parties again proffered the amendment would not affect the
3 pending motion to transfer this action.  On January 9, 2023, the Court granted the stipulated
4 motion for leave to amend.  (ECF No. 34.)  On January 6, 2023, Defendant Sentinel filed a
5 statement indicating opposition to transferring this action, and requesting severance of the claims
6 against it if the claims against Dell Computers were transferred.  (ECF No. 33.)

7 　　　On January 10, 2023, Plaintiffs filed a notice of voluntary dismissal of Defendant Dell
8 Computers, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (ECF No. 19.)

9 　　　Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, 'a plaintiff has an
10 absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a
11 motion for summary judgment.' "  Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193
12 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir.
13 1997)).  The Ninth Circuit has held that Rule 41(a) allows a plaintiff to dismiss without a court
14 order any defendant who has yet to serve an answer or motion for summary judgment.  Pedrina
15 v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).  "[A] dismissal under Rule 41(a)(1) is effective on
16 filing, no court order is required, the parties are left as though no action had been brought, the
17 defendant can't complain, and the district court lacks jurisdiction to do anything about it."
18 Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078.

19 　　　Courts do not generally consider a motion to dismiss to be an answer or a motion for
20 summary judgment for purposes of Rule 41.  See Concha v. London, 62 F.3d 1493, 1506 (9th
21 Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his
22 action voluntarily by filing a notice of dismissal under Rule 41(a)(1)."); Post Tension Cables Inc.
23 v. Actuant Corp., No. 219CV01455RSLDWC, 2019 WL 6686679, at *1 (W.D. Wash. Nov. 12,
24 2019) ("Here, Defendant has not filed an answer or motion for summary judgment, and
25 Defendant's Motion to Dismiss does not impact Plaintiff's ability to voluntarily dismiss this
26 case."), report and recommendation adopted, No. 219CV01455RSLDWC, 2019 WL 6683775
27 (W.D. Wash. Dec. 6, 2019); Kun Yuan Asset Mgmt. Co. Ltd. v. Su, No. 21-CV-06236-BLF,
28 2022 WL 206794, at *1 (N.D. Cal. Jan. 24, 2022) ("While Defendant has filed

1  a motion to dismiss, this does not constitute an 'answer or a motion for summary judgment'
2  under Rule 41(a)(1)(A)(i)."); see also Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1130
3  n.3 (9th Cir. 2000) ("A motion to dismiss is not a 'responsive pleading' within the meaning of
4  Rule 15.").

5        Accordingly, IT IS HEREBY ORDERED that:

6        1.      The claims against Dell Computers are dismissed with prejudice and without an
7                award of fees and costs;

8        2.      The Clerk of the Court is DIRECTED to terminate Defendant Dell Computers as
9                a defendant in this action;

10       3.      Dell Computers' motion to dismiss and motion to transfer venue, (ECF Nos. 10,
11               11), are WITHDRAWN as moot; and

12       4.      The hearing set for January 18, 2023, in Courtroom 9, is VACATED.

13
14  IT IS SO ORDERED.

15  Dated:  __**January 11, 2023**__                    _____
16                                                       UNITED STATES MAGISTRATE JUDGE