# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. TARLOCHAN SINGH DDS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELL COMPUTERS, et al., <br><br> Defendants. | Case No. 1:22-cv-01087-ADA-SAB <br><br> ORDER VACATING MARCH 22, 2023 HEARING <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART MOTION TO DISMISS, AND DISMISSING DEFENDANT HARTFORD <br><br> (ECF Nos. 39, 42, 45) <br><br> **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiffs Dr. Tarlochan Singh DDS Inc. and Dr. Sukhmeet Kaur DDS APC (collectively, "Plaintiffs") initiated this action on June 8, 2022, in the Merced Superior Court. (ECF No. 1 at 7–17.) The matter was removed by former Defendant Dell Computers on August 25, 2022. (ECF No. 1.) Currently before the Court is Defendant Sentinel Insurance Company, Ltd.'s ("Sentinel") motion to dismiss. (ECF No. 39.) The matter was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). (ECF No. 40.)

The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Thus, the hearing set for March 22, 2023, will be vacated and the parties will not be required to appear at that time. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations recommending granting Sentinel's motion to dismiss,

1

without prejudice.

# I.

# RELEVANT BACKGROUND

### A. Procedural Posture

Plaintiffs initiated this action against Defendants Dell Computers, Sentinel Insurance Company ("Sentinel"), and The Hartford (collectively, "Defendants") on June 8, 2022, in the Merced Superior Court, Case No. 22CV-01651. (ECF No. 1 at 7–17.) On August 25, 2022, Defendant Dell Computers removed the action to the Eastern District of California. (ECF No. 1.) At the time of removal, Defendants Sentinel and Hartford had not yet been served or made appearances in the case. Nonetheless, in support of removal, Dell provided evidentiary records in support of its contention that Sentinel and Hartford are both incorporated and have their principal places of business outside of California. (Id. at 2–4; Exs. B-2, B-3, B-4, B-5, B-6, ECF No. 1 at 23–72.) Dell also pointed to Plaintiffs' allegation in the complaint that "Plaintiff[s] have lost millions of dollars in economic losses" in support of its contention that the amount in controversy exceeds $75,000. (ECF No. 1 at 5 (citing ECF No. 1 at 13).) Plaintiff did not challenge the removal at any time during the next five months that Dell Computers remained a Defendant in this action.

On September 12, 2022, Dell Computers filed a motion to change venue and a motion to dismiss. (ECF Nos. 10, 11.) At the November 16, 2022 initial hearing on the motions, Plaintiffs acknowledged that Defendants Sentinel and Hartford had not been served in the action. (ECF No. 24.) Accordingly, the Court continued the hearing on Dell Computers's motions to allow time for Plaintiffs to serve the remaining Defendants and for those Defendants to address the pending motions. (Id. at 2.) On November 21, 2022, Plaintiffs filed a proof of service indicating service of the summons and complaint was effected by U.S. Mail on Hartford.[1] (ECF No. 25.)

On December 5, 2022, Defendant Sentinel appeared in this action. (ECF No. 26.)

---

[1] The Court declines, at this juncture, to address the propriety of Plaintiffs' election to effect service of process on Defendants Sentinel and Hartford solely by U.S. Mail, rather than via personal service as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(h). The Court notes, however, that Hartford has never appeared in this action. Further, to the extent Plaintiffs may pursue a default against Hartford, they may be prevented from doing so due to improper service of process.

On December 12, 2022, Plaintiffs filed their first amended complaint ("FAC"). (ECF No. 30.)

On January 10, 2023, Plaintiffs dismissed Dell Computers; the motions to dismiss and transfer venue were deemed withdrawn as moot. (ECF Nos. 35, 36.)

On January 16, 2023, Plaintiffs filed their second amended complaint ("SAC"). (ECF No. 37.) The Court notes that, while the caption of the SAC lists Hartford as a Defendant in this action, and the first cause of action includes an allegation relating to Hartford, Plaintiffs no longer identify Hartford as a party (see, generally, id. at 2), nor is Hartford included in Plaintiffs' prayer for relief (see id. at 5). It therefore appears that Plaintiffs no longer intend to pursue this action against Hartford, and the Court shall recommend that Hartford be dismissed from the action.

On January 30, 2023, Sentinel filed the instant motion to dismiss. On February 1, 2023, the district judge referred the matter to this Court for the preparation of findings and recommendations and/or other appropriate action. (ECF No. 40.) Pursuant to the Local Rules, Plaintiffs' opposition to the motion to dismiss was due by February 13, 2023. See E.D. Cal. L.R. 230(c) (opposition brief is due no later than 14 days after motion is filed). Plaintiffs instead filed an opposition on February 23, 2023. (ECF No. 42.)

Concurrently with their untimely opposition, Plaintiffs also filed a motion remand. (ECF No. 43.) The district judge, however, denied the motion, without prejudice, on the basis that Plaintiffs failed to include a meet and confer declaration with the motion in compliance with the district judge's standing order. (ECF No. 44.) Plaintiffs were advised any renewed motion for remand must be filed no later than March 7, 2023. (See id.) No renewed motion for remand was filed, thus indicating that Plaintiffs no longer wished to file the motion.[2] (See id.)

---

[2] Notwithstanding Plaintiffs' failure to timely challenge the original notice of removal and their implicit withdrawal of their motion for remand, the Court notes it has an ongoing independent obligation to ensure it has subject matter jurisdiction over this case. See 28 U.S.C. § 1447(c); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Accordingly, the Court notes it has conducted an independent review of the record and concludes that it continues to have subject matter jurisdiction over this action based on diversity jurisdiction. As to diversity of citizenship, the Court notes the operative SAC alleges that Sentinel, "although incorporated in Connecticut, is a citizen of the State of California" because Plaintiffs are citizens of California and an insurer like Sentinel is deemed a citizen of every State of which the insured is a citizen. (ECF No. 37 at 2.) The Court is unpersuaded by this allegation, however, as it is not supported by law. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1182–83 (9th Cir. 2004) (rejecting argument that diversity of unusual corporation should be determined by reference to all of the entity's members and looking to state law designation of the status of company for diversity jurisdiction purposes)

On March 2, 2023, Sentinel timely replied to Plaintiffs' opposition to the motion to dismiss. (ECF No. 45); see also E.D. Cal. L.R. 230(d) (reply briefing is due no later than ten days after opposition is filed). The matter is now deemed submitted.

**B.     Plaintiffs' Allegations**

Plaintiffs allege they purchased an insurance policy from The Hartford. (SAC ¶ 7, ECF No. 37.) The policy designated Sentinel as the actual insurer of the policy. (Id.) The policy was purchased in connection with Plaintiffs' purchase of a server. (Id. at ¶ 14.) The policy provided that, as long as Plaintiffs paid their premiums, Sentinel would provide benefits upon loss, pursuant to the policy. (Id. at ¶ 8.) Plaintiffs allege they complied with all of their obligations under the contract and paid money to Sentinel. (Id. at ¶¶ 10, 14.)

Plaintiffs allege they lost their computer files and server, which contained valuable data that was an asset to Plaintiffs' dental practice business. (Id. at ¶ 9.) The loss of that data was responsible for Plaintiffs needing to temporarily close their business, and created additional work for Plaintiffs. (Id.)

Plaintiffs appear to allege that the data loss they suffered constituted a "loss" as contemplated in Plaintiffs' insurance policy. (Id.) When Plaintiffs lost their computer files and

---

(citation omitted). Nor is Plaintiffs' allegation supported by evidence. See Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197–98 (9th Cir. 2015) (when diversity jurisdiction is challenged, both sides must present proof and the court determines where the preponderance lies); Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence" whether the elements of removal have been satisfied); see also Harris v. KM Industries, Inc., 980 F.3d 694, 700 (9th Cir. 2020) (distinguishing factual from facial challenges to jurisdiction). Instead, Plaintiffs' allegation is contradicted by the evidence submitted in the notice of removal, which shows that Sentinel is classified by the State of California as a "corporation," and is incorporated in Connecticut with a principal place of business in Hartford, Connecticut. (See ECF No. 1 at 3, 36). Based on the removal evidence, therefore, Sentinel is deemed a citizen of Connecticut for diversity jurisdiction purposes. See Kuntz, 385 F.3d at 1182 (a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business). As to amount in controversy, Plaintiffs allege there are no grounds for federal jurisdiction because they "waive[] damages in excess of $74,999.00." (ECF No. 37 at 2.) However, the Court is unpersuaded that Plaintiffs may use this new allegation to circumvent a finding of amount in controversy based on their prior factual allegation that "Plaintiffs have lost millions of dollars in economic losses" as a result of Defendants' alleged breach of agreement. (See ECF No. 1 at 13.) Plaintiffs identified no legal authority for their implied premise that a party may amend a prior allegation for damages solely for purposes of destroying diversity jurisdiction; rather, some caselaw appears to suggest the contrary. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004) (of longstanding "time-of-filing rule," "jurisdiction of the court depends upon the state of things at the time of the action brought"); see also Arias, 936 F.3d at 927 (amount in controversy reflects the *maximum* recovery plaintiff could reasonably recover, not amount plaintiff may actually recover) (emphasis in original); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith".).

1  data, which interrupted their business, they filed claims with Sentinel for business interruption
2  expenses. (Id. at ¶ 15.) Sentinel denied these claims and did not pay. (Id. at ¶¶ 11, 16.) By
3  doing so, Sentinel "did not act fairly and in good faith." (Id. at ¶ 16.) Plaintiffs claim they were
4  harmed by Sentinel's failure to reimburse them for their losses. (Id. at ¶ 17.)

   Plaintiffs allege Sentinel "has put its own interest above those of Plaintiffs and has, in bad
   faith, failed or refused to perform their obligations under the insurance policy." (Id. at ¶ 18.)
   Plaintiffs claim Sentinel denied their claims in bad faith by:

> (a) failing or refusing to perform a fair, objective, and thorough investigation of the claims as required by the California Insurance Code; (b) asserting coverage defenses that were legally and/or factually invalid and thereby delaying resolution of Plaintiffs' claims; (c) placing unduly restrictive interpretations on the policy terms for the purpose of denying coverage due under the policy; (d) failing to give Plaintiffs' interests equal consideration with its own; and (e) forcing Plaintiff[s] to initiate litigation to recover amounts due under the policy.

(Id. at ¶ 20; see also id. at ¶ 23.) Further, Plaintiffs claim this bad faith is "not an isolated occurrence," but is "institutional," "part of a repeated patter[n] of unfair practices," and that it constitutes "a conscious course of wrongful conduct that is firmly grounded in Sentinel's established company policy." (Id. at ¶ 21 (all caps removed).)

Plaintiffs claim Sentinel's actions proximately caused continuing damages, including interest on the withheld and unreasonably delayed payments due under the policy and other special economic and consequential damages, legal fees. (Id. at ¶¶ 22, 23.) Finally, Plaintiffs claim they are entitled to punitive damages because

> Sentinel carried out its bad faith conduct with a willful and conscious disregard of Plaintiffs' rights or subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights. Alternatively, Sentinel's conduct constituted an intentional misrepresentation, deceit, or concealment of a material fact known to Sentinel with the intention of depriving Plaintiffs of legal rights, or of causing Plaintiffs other injury. Sentinel's conduct constitutes malice, oppression, or fraud under California Civil Code section 3294….

(Id. at ¶ 24 (all caps removed).)

Thus, Plaintiffs seek statutory, compensatory, consequential, general, and punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and equitable relief such as

disgorgement and restitution. (Id. at ¶¶ 25–30.)

## II.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Bell Atlantic v. Twombly (Twombly), 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn (Retail Clerks), 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

1 statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the … laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 697 (quoting Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims … across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 484, 497 (9th Cir. 1995)); see also Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (quoting Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004)).

### III.

### DISCUSSION

The SAC asserts three causes of action, all of which are asserted against Sentinel: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; and (3) bad faith denial of insurance claim. (ECF No. 37 at 1.) Sentinel moves to dismiss Plaintiffs' second and third causes of action only, on the basis that Plaintiffs fail to allege facts sufficient to state a cognizable

claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 39-1 at 1.)

### A. Plaintiffs' Untimely Opposition

As an initial matter, the Court addresses Plaintiffs' untimely opposition. (ECF No. 42.) Plaintiffs filed their opposition ten days late, but did not request an extension or otherwise seek leave to file the untimely brief. Pursuant to the Local Rules, the brief may properly "be construed by the Court as a statement of non-opposition to the motion" and Plaintiffs may be precluded from oral argument at the hearing on the motion. E.D. Cal. L.R. 230(c).

Nonetheless, even considering the substance of the brief, the Court notes Plaintiffs' opposition is unavailing. Rather than point to factual allegations in the SAC which support Plaintiffs' causes of action and refute Sentinel's arguments that the SAC fails to state a claim, the opposition merely recites legal standards with zero application to the instant pleadings. For example, the opposition recites a list of sixteen actions that constitute unfair claim settlement practices under California Insurance Code § 790.03(h); however, Plaintiffs do not point to any factual allegations in the SAC in which they allege how Sentinel committed any of these acts. (See ECF No. 42 at 2.) The opposition therefore does not refute the Court's finding that the complaint fails to state a claim, as discussed herein.

### B. Duplicative Causes of Action

As Sentinel correctly notes, Plaintiffs improperly split their bad faith claim into two causes of action, "breach of implied covenant of good faith and fair dealing" and "bad faith denial of insurance claim." (ECF No. 39-1 at 4 n.1.) As noted by the legal authorities discussed herein, these causes of action are one and the same. See Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001) (referring to breach of the implied covenant of good faith and fair dealing as a "bad faith claim"); see also 501 E. 51st St., Long-Beach-10 LLC v. Kookmin Best Ins. Co., 47 Cal. App. 5th 924, 937 (2020) (demonstrating "bad faith" claim has identical elements to claim for breach of implied covenant of good faith and fair dealing); Paulfrey v. Blue Chip Stamps, 150 Cal. App. 3d 187, 192 (Ct. App. 1983) (noting that breach of the implied covenant of good faith and fair dealing is a tort, then proceeding to explain the tort of bad faith breach of an insurance contract). The third cause of action for "bad faith denial of insurance claim" is therefore

duplicative of Plaintiffs' second cause of action, for breach of implied covenant of good faith and fair dealing, and should be dismissed. However, to the extent Plaintiffs separate their bad faith allegations across the two causes of action, the Court considers all allegations for purposes of the instant motion to dismiss.

### C.  Breach of Implied Covenant of Good Faith and Fair Dealing

"The relationship between insured and insurer is contractual." Benavides v. State Farm Gen. Ins. Co., 136 Cal. App. 4th 1241, 1249 (2006). However, a covenant of good faith and fair dealing is implied in every contract. Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000), as modified (Jul. 26, 2000). This implied obligation requires an insurer to deal in good faith and fairly with its insured in handling an insured's claim against it. Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 574 (1973). "When the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." Benavides, 136 Cal. App. 4th at 1249 (collecting cases). Thus, "[i]n order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." 501 E. 51st St., 47 Cal. App. 5th at 937; see also Guebara, 237 F.3d at 992 (applying California law).

The first element is the threshold requirement. Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990) (citing Cal. State Auto Assn. Inter-Ins. Bureau v. Superior Ct., 184 Cal. App. 3d 1428 (1986) (no award for bad faith can be made "without first establishing that coverage exists")); see also Benavides, 136 Cal. App. 4th at 1250 ("If the insurer's investigation—adequate or not—results in a *correct* conclusion of no coverage, no tort liability arises for breach of the implied covenant.") (citations omitted) (emphasis in original).

Assuming benefits were due and withheld, "[t]he key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." Guebara, 237 F.3d at 992 (citing Love, 221 Cal. App. 3d at 1151) ("The primary test [for liability for breach of the implied covenant of good faith and fair dealing] is whether the insurer withheld payment of an insured's claim unreasonably and in bad faith."). "Where benefits are withheld for proper cause, there is no breach of the

implied covenant." Love, 221 Cal. App. 3d at 1151; see also 501 E. 51st St., 47 Cal. App. 5th at 937 ("Where there is a genuine issue as to the insurer's liability under the policy for the claim asserted by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of that dispute …."). To that end, California courts impose "special duties" on insurers, the breach of which gives rise to a bad faith tort claim: an insurer must investigate claims thoroughly; it may not deny coverage based on either unduly restrictive policy interpretations or standards known to be improper; and it may not unreasonably delay in processing or paying claims. Love, 221 Cal. App. 3d at 1148 (citations omitted).

Here, the question is whether Plaintiffs sufficiently allege facts for the Court to infer that Sentinel withheld benefits unreasonably or without proper cause.[3] In support of their bad faith claim, Plaintiffs allege Sentinel denied their claims, which were covered by the insurance policy, and that, in "doing so, Sentinel did not act fairly and in good faith." (ECF No. 37 at ¶ 16.) However, this statement, alone, amounts to no more than a legal conclusion. Furthermore, the allegations of the breach of the contract in and of themselves do not amount to improper or unreasonable conduct required for the breach of the covenant of good faith. "A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself, and it has been held that [b]ad faith implies unfair dealing rather than mistaken judgment …." Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co., 90 Cal. App. 4th 335, 345 (2001) (citations and quotations marks omitted), as modified on denial of reh'g (Jul. 30, 2001). "The mere denial of benefits does not establish bad faith." Align Tech., Inc. v. Fed. Ins. Co., 673 F. Supp. 2d 957, 965 (N.D. Cal. 2009) (citing Cal. Shoppers v. Royal Globe Ins. Co., 175 Cal. App. 3d 1, 15 (1985)).

As previously noted, Plaintiffs further allege that Sentinel "put its own interest above those of Plaintiffs and has, in bad faith, failed or refused to perform their obligations under the insurance policy" by:

---

[3] Sentinel does not dispute whether Plaintiffs sufficiently allege a breach of contract claim, electing instead to challenge the first cause of action via summary judgment. Nor does Sentinel dispute that Plaintiffs sufficiently allege the threshold element of their bad faith claim, which requires the same showing as the breach of contract cause of action, in that Plaintiffs must allege benefits were due, but not paid, under the policy.

> (a) failing or refusing to perform a fair, objective, and thorough investigation of the claims as required by the California Insurance Code; (b) asserting coverage defenses that were legally and/or factually invalid and thereby delaying resolution of Plaintiffs' claims; (c) placing unduly restrictive interpretations on the policy terms for the purpose of denying coverage due under the policy; (d) failing to give Plaintiffs' interests equal consideration with its own; and (e) forcing Plaintiff[s] to initiate litigation to recover amounts due under the policy.

(ECF No. 37 at ¶¶ 18, 20; see also id. at ¶ 23.) However, this allegation, which is not supported by any factual statements, amounts to nothing more than "a formulaic recitation of the elements of a cause of action." For example, Plaintiffs allege Sentinel violated the California Insurance Code, but they do not identify the section that was purportedly violated.[4] Plaintiffs do not describe Sentinel's investigation in any discernable manner—further, it is somewhat unclear from the allegations whether Plaintiffs claim any investigation was performed—and Plaintiffs do not allege any facts showing why they contend such investigation was not fair, objective, or thorough. Plaintiffs do not identify any coverage defense or defenses allegedly provided by Sentinel, and it is unclear whether Plaintiffs claim Sentinel's coverage defenses are legally or factually invalid, or both; to the extent any defense is factually invalid, Plaintiffs do not allege any facts to demonstrate a dispute. Plaintiffs do not allege facts showing what Sentinel's interpretation of the policy coverage was, or why it was unduly restrictive. In short, Plaintiffs allege zero facts describing the manner in which their policy claim was denied; thus, their cause of action fails to rise beyond "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Based on the foregoing, the Court finds Plaintiffs fail to allege facts sufficient to state a cause of action for breach of the implied covenant of good faith and fair dealing.

///

---

[4] At most, Sentinel notes Plaintiffs may, by alleging that Sentinel "forced them to institute litigation," be attempting to assert a violation of Insurance Code § 790.03 (though this is a different allegation from the one in which Plaintiffs invoke the Insurance Code); Sentinel argues violations of this section are not actionable in a civil action. (ECF No. 39-1 at 5.) This statement is not inaccurate. See Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 304 (1988). Regardless, Plaintiffs do not appear to raise this claim and the Court declines to "conjure up unpleaded facts" for Plaintiffs. See Twombly, 550 U.S. at 562 (citation omitted).

**D.     Request for Punitive Damages**

Sentinel next challenges Plaintiffs' request for punitive damages. (See ECF No. 39-1 at 6.) While this argument would more properly be brought pursuant to a Rule 12(f) motion to strike, the Court nonetheless considers Sentinel's arguments.

California Civil Code § 3294 ("§ 3294") provides that in an action "for breach of an obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights and safety of others." Cal. Code Civ. Proc. § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights" Cal. Code Civ. Proc. § 3294(c)(2). "Fraud" is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Code Civ. Proc. § 3294(c)(3).

Plaintiffs' request for punitive damages appears to be premised upon a single paragraph:

> Sentinel carried out its bad faith conduct with a willful and conscious disregard of Plaintiffs' rights *or* subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their rights. *Alternatively*, Sentinel's conduct constituted an intentional misrepresentation, deceit, or concealment of a material fact known to Sentinel with the intention of depriving Plaintiffs of legal rights, or of causing Plaintiffs other injury. Sentinel's conduct constitutes malice, oppression, or fraud under California Civil Code section 3294….

(ECF No. 37 at ¶ 24 (all caps removed, emphasis added).)

Plaintiffs' allegation is purely conclusory, in that it merely states a legal conclusion cast in the form of a factual allegation. See, e.g., Iqbal, 556 U.S. at 680–81 (noting that respondent's allegation that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest" was purely conclusory and

1 not entitled to be assumed true) (internal quotation marks omitted).  Indeed, due to Plaintiffs'
2 repeated use of "or" and "alternatively," the grounds upon which Plaintiffs seek punitive damages
3 remain unclear.  Furthermore, because the Court finds Plaintiffs have not alleged sufficient facts
4 to state a cause of action for breach of the implied covenant of good faith and fair dealing, which
5 requires pleading unreasonable or bad faith conduct, Plaintiffs' claim for punitive damages is also
6 insufficient.  Accordingly, Plaintiffs fail to allege sufficient facts to show they are entitled to
7 punitive damages.

### E.  Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez, 203 F.3d at 1127 (alterations and internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

Sentinel argues the complaint should be dismissed without leave to amend because Plaintiffs have now had three opportunities to plead a plausible bad faith claim but have failed to do so. (ECF No. 39-1 at 6.)  The Court acknowledges, to date, Plaintiffs have twice amended their complaint. (See ECF Nos. 1, 30, 37.)  However, while the amendments appear to have resulted from meet and confer discussions between the parties and the evolution of this action, Plaintiffs have not yet had the benefit of amending the complaint following a Court order that identified its pleading deficiencies. Furthermore, the Court is not persuaded at this point that further amendment would be futile, as it appears Plaintiffs may cure the aforementioned pleading deficiencies through amendment.  Accordingly, the Court finds Plaintiffs should be granted one final opportunity to amend their complaint.

///

# IV.

# CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that the hearing on Defendant's motion to dismiss set for March 22, 2023, at 10:00 a.m. in Courtroom 9, is VACATED.

Furthermore, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Sentinel Insurance Company, Ltd.'s motion to dismiss (ECF No. 39) be GRANTED with leave to file a third amended complaint;
2. Plaintiffs be ordered to file a third amended complaint **within thirty (30) days** of issuance of any order adopting the findings and recommendations; and
3. The Hartford be DISMISSED from this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2023**

UNITED STATES MAGISTRATE JUDGE