# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. TARLOCHAN SINGH DDS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DELL COMPUTERS, et al.,<br><br>Defendants. | Case No. 1:22-cv-01087-ADA-SAB<br><br>ORDER VACATING JUNE 14, 2023 HEARING; VACATING MARCH 16, 2023 FINDINGS AND RECOMMENDATIONS; DENYING JANUARY 30, 2023 MOTION TO DISMISS AS MOOT<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING MOTION TO DISMISS AND MOTION TO STRIKE, AND DISMISSING DEFENDANT HARTFORD<br><br>(ECF Nos. 39, 42, 45, 47, 48, 49, 51, 53)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**INTRODUCTION**

Plaintiffs Dr. Tarlochan Singh DDS Inc. and Dr. Sukhmeet Kaur DDS APC (collectively, "Plaintiffs") initiated this action on June 8, 2022, in the Merced Superior Court. (ECF No. 1 at 7–17.) The matter was removed by former Defendant Dell Computers on August 25, 2022. (ECF No. 1.) Currently before the Court is Defendant Sentinel Insurance Company, Ltd.'s ("Sentinel") motion to dismiss. (ECF No. 49.) The matter was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(7). (ECF No. 50.)

The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Thus, the hearing set for June 14, 2023 (see ECF No. 52), will be vacated and the parties

will not be required to appear at that time. Having considered the moving, opposition, and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations recommending granting Sentinel's motion to dismiss, and proceeding solely on Plaintiffs' claim for breach of contract.

## II.

## RELEVANT BACKGROUND

### A.     Procedural Posture

Plaintiffs initiated this action against Defendants Dell Computers, Sentinel Insurance Company ("Sentinel"), and The Hartford (collectively, "Defendants") on June 8, 2022, in the Merced Superior Court, Case No. 22CV-01651. (ECF No. 1 at 7–17.) On August 25, 2022, Defendant Dell Computers removed the action to the Eastern District of California. (ECF No. 1.) At the time of removal, Defendants Sentinel and Hartford had not yet been served or made appearances in the case. Nonetheless, in support of removal, Dell provided evidentiary records in support of its contention that Sentinel and Hartford are both incorporated and have their principal places of business outside of California. (Id. at 2–4; Exs. B-2, B-3, B-4, B-5, B-6, ECF No. 1 at 23–72.) Dell also pointed to Plaintiffs' allegation in the complaint that "Plaintiff[s] have lost millions of dollars in economic losses" in support of its contention that the amount in controversy exceeds $75,000. (ECF No. 1 at 5 (citing ECF No. 1 at 13).) Plaintiff did not challenge the removal at any time during the next five months that Dell Computers remained a Defendant in this action, and does not currently challenge the removal.

On September 12, 2022, Dell Computers filed a motion to change venue and a motion to dismiss. (ECF Nos. 10, 11.) At the November 16, 2022 initial hearing on the motions, Plaintiffs acknowledged that Defendants Sentinel and Hartford had not been served in the action. (ECF No. 24.) Accordingly, the Court continued the hearing on Dell Computers's motions to allow time for Plaintiffs to serve the remaining Defendants and for those Defendants to address the pending motions. (Id. at 2.) On November 21, 2022, Plaintiffs filed a proof of service indicating service of the summons and complaint was effected by U.S. Mail on The Hartford.[1] (ECF No. 25.)

---

[1] The Court declines, at this juncture, to address the propriety of Plaintiffs' election to effect service of process on

On December 5, 2022, Defendant Sentinel appeared in this action. (ECF No. 26.)

On December 12, 2022, Plaintiffs filed their first amended complaint ("FAC"). (ECF No. 30.)

On January 10, 2023, Plaintiffs dismissed Dell Computers; the motions to dismiss and transfer venue were deemed withdrawn as moot. (ECF Nos. 35, 36.)

On January 16, 2023, Plaintiffs filed their second amended complaint ("SAC").[2] (ECF No. 37.)

On January 30, 2023, Sentinel filed a motion to dismiss the second amended complaint. On February 1, 2023, the district judge referred the matter to this Court for the preparation of findings and recommendations and/or other appropriate action. (ECF No. 40.) On February 23, 2023, Plaintiffs filed a late opposition to the motion. (ECF No. 42.) Concurrently with their untimely opposition, Plaintiffs also filed a motion remand. (ECF No. 43.) The District Judge, however, denied the motion, without prejudice, on the basis that Plaintiffs failed to include a meet and confer declaration with the motion in compliance with the district judge's standing order. (ECF No. 44.) Plaintiffs were advised any renewed motion for remand must be filed no later than March 7, 2023. (See id.) No renewed motion for remand was filed, thus indicating that Plaintiffs no longer wished to file the motion. (See id.) On March 2, 2023, Sentinel timely replied to Plaintiffs' opposition to the motion to dismiss. (ECF No. 45.) On March 16, 2023, the Court issued findings and recommendations, recommending Defendant's motion to dismiss be granted with leave to amend. (ECF No. 47.) The parties were given fourteen days to file any objections to the findings and recommendations.

---

Defendants Sentinel and Hartford solely by U.S. Mail, rather than via personal service as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(h). The Court notes, however, that The Hartford has never appeared in this action. Further, to the extent Plaintiffs may pursue a default against Hartford, they may be prevented from doing so due to improper service of process.

[2] The Court noted in its March 16, 2023 findings and recommendations that, while the caption of the SAC lists Hartford as a Defendant in this action, and the first cause of action includes an allegation relating to Hartford, Plaintiffs no longer identify Hartford as a party (see, generally, id. at 2), nor is Hartford included in Plaintiffs' prayer for relief (see id. at 5); therefore, the Court concluded Plaintiffs no longer intended to pursue this action against The Hartford, and recommended The Hartford be dismissed from the action. (ECF No. 47.) Since that date, Plaintiffs did not object to the recommendation to dismiss The Hartford, and filed a third amended complaint which again does not identify The Hartford as a party to this action (see ECF No. 48 at 1–2). Accordingly, the Court shall renew its recommendation in the instant findings and recommendations to dismiss this Defendant from the action.

3

On April 14, 2023, rather than file objections to the findings and recommendations—or permit the district judge to issue a ruling on those findings and recommendations—Plaintiffs filed the instant operative third amended complaint ("TAC"). (ECF No. 48.) To date, Plaintiffs have not filed any renewed motion to remand in compliance with the Court's February 28, 2023 order to file any renewed motion for remand no later than March 7, 2023 (ECF No. 44), or sought leave to do so.[3] On April 27, 2023, Defendant Sentinel filed the instant motion to dismiss and motion to strike prayer for punitive damages. (ECF No. 49.) On April 28, 2023, the district judge referred the matter to this Court for the preparation of findings and recommendations and/or other appropriate action. (ECF No. 50.) Plaintiffs opposed the motion on May 11, 2023 (ECF No. 51), and Defendant replied on May 18, 2023 (ECF No. 53.) The matter is now deemed submitted.

**B.     Plaintiffs' Allegations**

The Court notes Plaintiffs' TAC is substantially similar to their SAC, with only minor amendments made to the pleading, mostly the removal of certain allegations; the main body of the operative TAC is now little more than three pages long, with approximately two hundred pages of an insurance policy attached. (See, generally, TAC, ECF No. 48; cf. ECF No. 37.)

Plaintiffs allege they purchased an insurance policy from The Hartford. (TAC ¶ 7, Ex. 1,

---

[3] Notwithstanding Plaintiffs' failure to timely challenge the original notice of removal and their implicit withdrawal of their motion for remand, the Court notes it has an ongoing independent obligation to ensure it has subject matter jurisdiction over this case. See 28 U.S.C. § 1447(c); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). Accordingly, the Court notes it has conducted an independent review of the record and concludes that it continues to have subject matter jurisdiction over this action based on diversity jurisdiction. As to diversity of citizenship, the Court notes the operative TAC alleges that Plaintiffs' dental practice is located in California, and Sentinel is a Connecticut Limited Company. Thus, diversity between the parties is established. As to amount in controversy, Plaintiffs allege there are no grounds for federal jurisdiction because they "waive[] damages in excess of $74,999.00." (TAC ¶ 2, ECF No. 48.) However, the Court is unpersuaded that Plaintiffs may use this new allegation to circumvent a finding of amount in controversy based on their prior factual allegation that "Plaintiffs have lost millions of dollars in economic losses" as a result of Defendants' alleged breach of agreement. (See ECF No. 1 at 13.) Plaintiffs identified no legal authority for their implied premise that a party may amend a prior allegation for damages solely for purposes of destroying diversity jurisdiction; rather, some caselaw appears to suggest the contrary. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004) (of longstanding "time-of-filing rule," "jurisdiction of the court depends upon the state of things at the time of the action brought"); see also Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (amount in controversy reflects the *maximum* recovery plaintiff could reasonably recover, not amount plaintiff may actually recover) (emphasis in original); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith".). The Court also remains cognizant of the fact that Plaintiffs dismissed former defendant Dell Computers after entering into a settlement agreement with them and, if the issue of remand were raised in a properly-noticed motion to remand and the amount in controversy were challenged on the facts, the settlement amount may need to be considered in the amount in controversy analysis.

1   ECF No. 48 at 5–204.)[4] Plaintiffs allege the policy designated Sentinel as the actual insurer of the
2   policy. (TAC ¶ 7.) The policy was purchased in connection with Plaintiffs' purchase of a server.
3   (Id. at ¶ 14.) The policy provided that, as long as Plaintiffs paid their premiums, Sentinel would
4   make good faith investigations into any claims and, when appropriate, provide benefits upon loss,
5   pursuant to the policy. (Id. at ¶ 8.) Plaintiffs allege they complied with all of their obligations
6   under the contract and paid money to Sentinel. (Id. at ¶¶ 11, 14.)

7   Plaintiffs allege they lost their computer files and server, which contained valuable data
8   that was an asset to Plaintiffs' dental practice business. (Id. at ¶ 9.) The loss of that data was
9   responsible for Plaintiffs needing to temporarily close their business, and created additional work
10  for Plaintiffs. (Id.) Plaintiffs appear to allege that the data loss they suffered constituted a "loss"
11  as contemplated in Plaintiffs' insurance policy. (See id.)

12  When Plaintiffs lost their computer files and data, which interrupted their business, they
13  filed claims with Sentinel for business interruption expenses. (See id. at ¶¶ 9, 15.) Plaintiffs
14  allege Sentinel failed to investigate Plaintiffs' claims and denied the claims without a full and
15  complete investigation. (Id. at ¶¶ 10, 16.) By doing so, Plaintiffs claim Sentinel "did not act
16  fairly and in good faith." (Id. at ¶ 16.) Plaintiffs claim they were harmed by Sentinel's failure to
17  reimburse them for their losses. (Id. at ¶ 17.)

18  The TAC then omits paragraphs 18–24 and proceeds with the prayer for relief at
19  paragraph 25. (See id. at 3.) Plaintiffs seek statutory, compensatory, consequential, general, and
20  punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and equitable relief
21  such as disgorgement and restitution. (Id. at ¶¶ 25–30.)

## III.

## LEGAL STANDARD

24  A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

---

[4] Although the attached policy is approximately two hundred pages long with multiple provisions, the TAC does not pin cite to the policy to highlight what Plaintiffs may contend are the section/s relevant to their instant claims; the Court declines to guess or determine for Plaintiffs which portions of the policy are meant to be referenced in the TAC, or to otherwise "conjure up unpleaded facts" for Plaintiffs. See Bell Atlantic v. Twombly (Twombly), 550 U.S. 544, 562 (2007) (citation omitted); see also Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994) (quoting U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)) ("… As the Seventh Circuit in Dunkel stated aptly: '[j]udges are not like pigs, hunting for truffles buried in briefs.' ").

sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn (Retail Clerks), 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the … laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

1   Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims … across the line from conceivable to plausible," is the complaint properly dismissed. Id. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." Id. at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 484, 497 (9th Cir. 1995)); see also Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (quoting Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004)).

### IV.
### DISCUSSION

The TAC asserts two causes of action against Sentinel: (1) breach of contract and (2) breach of implied covenant of good faith and fair dealing. (ECF No. 48.) Sentinel moves to dismiss Plaintiffs' cause of action for breach of implied covenant of good faith and fair dealing (claim 2) and strike Plaintiffs' prayer for punitive damages, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), respectively.[5] (ECF No. 49 at 1.) Sentinel indicates it will seek

---

[5] While this Court has previously considered a similar request by Defendant to "strike" claims for punitive damages under Rule 12(f), it notes such a request under Rule 12(f) is procedurally improper, and that a motion to have certain portions of a complaint dismissed—such as a claim for certain types of damages—is better suited for a Rule 12(b)(6) motion. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (citation omitted); see also Universal Bank v. Northland Ins. Co., 8 Fed. App'x 784 (9th Cir. 2001) (affirming dismissal pursuant to Rule

dismissal of Plaintiffs breach of contract claim (claim 1) on summary judgment. (ECF No. 49-1 at 1 n.1.)

### A. Breach of Implied Covenant of Good Faith and Fair Dealing

"The relationship between insured and insurer is contractual." Benavides v. State Farm Gen. Ins. Co., 136 Cal. App. 4th 1241, 1249 (2006). However, a covenant of good faith and fair dealing is implied in every contract. Kransco v. Am. Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000), as modified (Jul. 26, 2000). This implied obligation requires an insurer to deal in good faith and fairly with its insured in handling an insured's claim against it. Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 574 (1973). "When the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." Benavides, 136 Cal. App. 4th at 1249 (collecting cases). Thus, "[i]n order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." 501 E. 51st St., Long-Beach-10 LLC v. Kookmin Best Ins. Co., Ltd. (Kookmin), 47 Cal. App. 5th 924, 937 (2020); see also Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2001) (applying California law).

The first element is the threshold requirement. Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990) (citing Cal. State Auto Assn. Inter-Ins. Bureau v. Superior Ct., 184 Cal. App. 3d 1428 (1986) (no award for bad faith can be made "without first establishing that coverage exists")). Assuming benefits were due and withheld, "[t]he key to a bad faith claim is whether or not the insurer's denial of coverage was reasonable." Guebara, 237 F.3d at 992 (citing Love, 221 Cal. App. 3d at 1151) ("The primary test [for liability for breach of the implied covenant of good faith and fair dealing] is whether the insurer withheld payment of an insured's claim unreasonably and in bad faith."). "Where benefits are withheld for proper cause, there is no breach of the implied covenant." Love, 221 Cal. App. 3d at 1151; see also Kookmin, 47 Cal. App. 5th at 937 ("Where there is a genuine issue as to the insurer's liability under the policy for the claim asserted

---

12(b)(6) of cause of action for breach of covenant of good faith and fair dealing and the related punitive damages claim). Accordingly, the Court shall consider Defendant's motion regarding the prayer for punitive damages under the Rule 12(b)(6) standard herein.

by the insured, there can be no bad faith liability imposed on the insurer for advancing its side of that dispute ….").  To that end, California courts impose "special duties" on insurers, the breach of which gives rise to a bad faith tort claim: an insurer must investigate claims thoroughly; it may not deny coverage based on either unduly restrictive policy interpretations or standards known to be improper; and it may not unreasonably delay in processing or paying claims.  Love, 221 Cal. App. 3d at 1148 (citations omitted).  However, the allegations of the breach of the contract in and of themselves do not amount to improper or unreasonable conduct required for the breach of the covenant of good faith.  "A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself, and it has been held that [b]ad faith implies unfair dealing rather than mistaken judgment …."  Chateau Chamberay Homeowners Ass'n v. Assoc. Int'l Ins. Co., 90 Cal. App. 4th 335, 345 (2001) (citations and quotations marks omitted), as modified on denial of reh'g (Jul. 30, 2001).  Thus, "[t]he mere denial of benefits does not establish bad faith."  Align Tech., Inc. v. Fed. Ins. Co., 673 F. Supp. 2d 957, 965 (N.D. Cal. 2009) (citing Cal. Shoppers v. Royal Globe Ins. Co., 175 Cal. App. 3d 1, 15 (1985)).

Here, the question is whether Plaintiffs sufficiently allege facts for the Court to infer that Sentinel withheld benefits unreasonably or without proper cause.[6]  In support of their bad faith claim, Plaintiffs allege Sentinel denied their claims, which were covered by the insurance policy, and that, in "doing so, Sentinel did not act fairly and in good faith." (TAC ¶ 16.)  This statement is a legal conclusion.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679.  Within the TAC, however, the Court finds no such supporting factual allegations.

At most, to support their conclusion that "Sentinel did not act fairly and in good faith," Plaintiffs allege Sentinel "… denied the claim without a full and complete investigation." (TAC ¶

---

[6] Sentinel does not dispute whether Plaintiffs sufficiently allege a breach of contract claim, electing instead to challenge the first cause of action via summary judgment.  Nor does Sentinel dispute that Plaintiffs sufficiently allege the threshold element of their bad faith claim, which requires the same showing as the breach of contract cause of action, in that Plaintiffs must allege benefits were due, but not paid, under the policy.  Accordingly, for purposes of the instant motion only, the Court finds Sentinel concedes Plaintiffs have met the first, threshold element of the claim that coverage under the contract exists.  Love, 221 Cal. App. 3d at 1151.

9

¶ 10.)  This, however, is also a legal conclusion, albeit one that is "cast in the form of [a] factual allegation[ ]."  Chunie, 788 F.2d at 643 n.2.  Plaintiffs do not describe Sentinel's investigation in any discernable manner—further, it is somewhat unclear from the allegations whether Plaintiffs claim any investigation was performed—and Plaintiffs do not allege any facts showing why they contend such investigation was not "full and complete."[7]  This is crucial to Plaintiffs' claim because, as California courts explain, "[i]f the insurer's investigation—adequate or not—results in a *correct* conclusion of no coverage, no tort liability arises for breach of the implied [covenant]."  Benavides, 136 Cal. App. 4th at 1250 (emphasis in original) (collecting California cases).  Here, however, Plaintiffs do not identify the reason Sentinel provided for the denial of their claim, nor do they indicate whether any reason was given at all.  In short, Plaintiffs allege zero facts describing the manner in which their policy claim was denied; thus, the allegations do not show the denial of their claim was made in "bad faith."  See, e.g., Sgrillo v. Geico Cas. Co., 323 F. Supp. 3d 1167, 1170 (D. Nev. 2018) (dismissing bad faith claim for refusal to pay policy limits as conclusory where complaint "contain[ed] no factual allegations detailing the circumstances surrounding defendant's refusal to pay the policy limits immediately after plaintiff demanded payment").

In sum, Plaintiffs' cause of action fails to rise beyond "an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Thus, Plaintiffs' allegations, without more, amount to mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678.  This is insufficient to survive a Rule 12(b)(6) motion.  Id.  Accordingly, the Court finds Plaintiffs fail to allege facts sufficient to state a cause of action for breach of the implied covenant of good faith and fair dealing.

### B.     Request for Punitive Damages

Sentinel next challenges Plaintiffs' request for punitive damages.  (See ECF No. 49-1 at 5.)  California Civil Code § 3294 ("§ 3294") provides that in an action "for breach of an

---

[7] The Court expressly pointed out this exact deficiency to Plaintiffs in its March 16, 2023 findings and recommendations, yet Plaintiffs have alleged no additional facts whatsoever in the TAC to cure the identified defect.  (See ECF No. 47 at 9–11.)

obligation not arising from contract," a plaintiff may seek punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights and safety of others." Cal. Code Civ. Proc. § 3294(c)(1). "Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights" Cal. Code Civ. Proc. § 3294(c)(2). "Fraud" is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." Cal. Code Civ. Proc. § 3294(c)(3).

The TAC is devoid of any factual allegations beyond the prayer for relief (TAC ¶ 26) which indicate punitive damages are appropriate or being sought. Indeed, paragraphs 18–24 (which formerly addressed punitive damages in the second amended complaint) are missing entirely from the TAC. In their opposition, Plaintiffs concede punitive damages are improper and seek to withdraw that request. (ECF No. 51 at 4.) Accordingly, the prayer for punitive damages should be dismissed.

### C.    Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 … to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez, 203 F.3d at 1127 (alterations and internal quotation marks omitted). Nevertheless, a district court need not grant leave to amend where the amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court." Id.

Sentinel argues the second cause of action should be dismissed without leave to amend

because Plaintiffs have now had multiple opportunities to plead a plausible bad faith claim but have failed to do so. (ECF No. 48-1 at 5–6.) The Court agrees. The instant litigation is currently proceeding on the fourth iteration of the complaint, which Plaintiffs were permitted to amend the first two times by stipulated agreement, following meet and confer discussions as to the purported pleading deficiencies. The operative third amended complaint was filed after this Court issued findings and recommendations identifying and explaining in detail the defects in Plaintiffs' pleading. (See ECF No. 47 at 7–13.) The Court recommended at that time that one final opportunity to amend be granted. (Id. at 13–14.) While Plaintiffs did not wait for the district judge to rule on those findings and recommendations and instead (improperly) filed their third amended complaint, they did so with the benefit of the Court's instructions and applicable legal standards. Yet the third amended complaint, which was barely amended at all, still fails to state a cognizable claim for breach of implied covenant of good faith and fair dealing. At this point, the Court must conclude Plaintiffs are either unwilling to or incapable of curing the identified pleading defects through amendment. Granting further leave to amend is thus futile, would only prejudice Defendant Sentinel, and is therefore unwarranted. Leadsinger, Inc., 512 F.3d at 532.

## V.
## CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on Defendant's motion to dismiss set for June 14 2023, at 10:00 a.m. in Courtroom 9, is VACATED;
2. In light of the filing of Plaintiffs' third amended complaint, Defendant Sentinel's January 30, 2023 motion to dismiss the second amended complaint (ECF No. 39) is DENIED as MOOT; and
3. The findings and recommendations regarding Sentinel's January 30, 2023 motion to dismiss the second amended complaint, issued March 16, 2023 (ECF No. 47), are VACATED.

Furthermore, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Sentinel Insurance Company, Ltd.'s motion to dismiss (ECF No. 49) be

GRANTED, and Plaintiffs' cause of action for breach of implied covenant of good faith and fair dealing (Claim 2) and prayer for punitive damages be DISMISSED without leave to amend;

2. This action proceed solely on Plaintiffs' claim for breach of contract (Claim 1) in the third amended complaint (ECF No. 48); and

3. Defendant The Hartford be DISMISSED from this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

**Plaintiffs SHALL NOT file any further amended complaints until <u>after</u> the district judge rules on the instant findings and recommendations and/or with express leave of the Court.** (<u>See</u> Fed. R. Civ. P. 15 and 16.) The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 8, 2023**

UNITED STATES MAGISTRATE JUDGE

13